# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 9, 2012

## STATE OF TENNESSEE v. GREGORY LAMONT HODGE A.K.A. GREGORY L. LOCKE

**Direct Appeal from the Criminal Court for Williamson County**
**No. II-CR085139       Timothy L. Easter, Judge**

---

**No. M2012-00577-CCA-R3-CD - Filed April 4, 2013**

---

A Williamson County Criminal Court Jury found the appellant, Gregory Lamont Hodge a.k.a Gregory L. Locke, guilty of delivery of .5 grams or more of cocaine, a Class B felony. The trial court sentenced the appellant as a career offender to thirty years in the Tennessee Department of Correction. On appeal, the appellant contends that the Williamson County Sheriff's Department's refusal to allow defense counsel to record an interview with the confidential informant who purchased drugs from the appellant prevented him from receiving a fair trial. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

David Christensen, Franklin, Tennessee, for the appellant, Gregory Lamont Hodge a.k.a. Gregory L. Locke.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Kim R. Helper, District Attorney General; and Derek K. Smith and Stacey B. Edmondson, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The appellant's charge stemmed from a drug transaction between the appellant and Stacy Sutton, a confidential informant working for police. At trial on September 22, 2011, Deputy Brad Fann with the Williamson County Sheriff's Department testified that Sutton volunteered to work with police as a confidential informant in an attempt to reduce his sentence after he was incarcerated due to a probation violation. Sutton wanted to be released

to be with his mother, who was ill. Deputy Fann informed Sutton that he had no authority to make promises of leniency but that Deputy Fann would speak favorably of Sutton to the district attorney's office. After reaching an agreement, Sutton was furloughed from jail to make a controlled buy of narcotics.

On February 10, 2010, Deputy Fann, Sutton, and other officers met at the Agricultural Center. Sutton called the appellant's co-defendant, Robert Leach, Jr., to arrange a purchase of drugs, and the call was recorded. Thereafter, Deputy Fann equipped Sutton with a listening device and issued him cash that had been previously photocopied. Deputy Fann said that Deputy Phil Wheeler and Corporal Chris Mobley had the equipment to electronically monitor the transaction. During a search of Sutton and his vehicle, marijuana was found in a cigarette box inside the vehicle.

After dark, Sutton drove from the Agricultural Center to a Steak 'n Shake restaurant. Deputy Wheeler and Corporal Mobley preceded Sutton, and Deputy Fann followed him. Sutton parked at the restaurant, and the officers parked at a nearby Walgreens. Approximately twenty to twenty-five minutes later, a red Ford pickup truck driven by the appellant pulled behind Sutton's vehicle. Sutton got into the truck, which then parked a couple of spaces away. After approximately one or one and a half minutes, Sutton got out of the truck and returned to his vehicle. Deputy Fann followed the appellant when he left the parking lot in order to obtain the truck's license plate number. Deputy Fann later learned that the truck belonged to Leach. After the transaction, Deputy Fann returned to the Agricultural Center. Sutton gave Deputy Fann crack cocaine he had obtained from the appellant. Deputy Fann then secured the crack cocaine in the evidence lockup of the sheriff's department. Deputy Fann acknowledged that as a result of his cooperation, Sutton's sentence was shortened.

On cross-examination, Deputy Fann acknowledged that he was aware that Sutton had prior drug convictions. Deputy Fann said Sutton was never charged with possessing the marijuana found in his vehicle. Deputy Fann stated that he knew of the appellant "[t]hrough prior narcotics transactions." He also stated that police never recovered the buy money but noted that the appellant was arrested several months after the transaction.

Stacy Draughon Sutton testified that at the time of trial, he was serving a ten-month sentence for violating probation by failing a drug test. He acknowledged that he had previous misdemeanor convictions for drug possession and one felony conviction for selling drugs. Sutton said that while he was in jail in 2010, he initiated contact with law enforcement to offer his services as a confidential informant. Sutton told Deputy Fann that he wanted to be furloughed because his mother was sick. Sutton said that he ultimately worked as a confidential informant for approximately one month.

Sutton said that on February 10, 2010, he met with Deputy Fann and other officers at the Agricultural Center. A plan was developed for Sutton to purchase a quarter ounce of cocaine from Leach, who was also known as "Greedy Rob." Sutton was wired with a listening device and was given $275 to make the purchase. Afterward, he drove to the Steak 'n Shake, and the officers followed. Sutton said that Leach sent the appellant to make the transaction. When the appellant arrived at the restaurant, he handed Sutton approximately seven grams of crack cocaine in exchange for $275. After the transaction, the appellant returned to the Agricultural Center and turned the crack cocaine over to the officers.

On cross-examination, Sutton confirmed that Leach, not the appellant, was the target of the investigation. Sutton said that he remembered meeting with the appellant's defense counsel on September 5, 2011, a few weeks prior to trial. Sutton acknowledged that he told defense counsel that he did not know the appellant and that the appellant did not sell him drugs. Sutton did not recall saying that Deputy Fann did not know the appellant.

Sutton said that officers searched him and his vehicle prior to the transaction and maintained that no marijuana was found in his vehicle. However, he later conceded that marijuana was found on the passenger side. He explained that the marijuana did not belong to him and that it was in his car because he had given someone a ride. Sutton said that the police "searched [him] all over." He acknowledged that he had previously told defense counsel that the police searched him "in a half-assed manner," but he explained that he lied because he was upset that his identity as a confidential informant had been revealed, which potentially endangered his family. Sutton said that he had believed he would not have to testify and was angry when defense counsel spoke with him. Sutton maintained that he lied when questioned by defense counsel at the jail but that he was telling the truth at trial.

On redirect examination, Sutton said that he was telling the truth at trial because he had to be honest or he would be in contempt of court.

Williamson County Sheriff's Department Corporal Chris Mobley testified that on the night of February 10, 2010, he was working with the drug task force and met Deputy Fann and Deputy Wheeler at the Agricultural Center to assist with a controlled drug purchase being made by Sutton. Corporal Mobley searched Sutton's person but found no drugs. Corporal Mobley said that Deputy Wheeler searched Sutton's vehicle and found a cigarette pack containing a small amount of marijuana under the front passenger seat. Sutton was equipped with a listening device.

Afterward, Sutton and the officers proceeded to the Steak 'n Shake. Shortly thereafter, the appellant arrived in a red Ford pickup truck. Sutton got into the truck, and the truck parked a few spaces from Sutton's vehicle. Corporal Mobley, who was listening to the

transaction, heard Sutton say that he wanted to confirm that he had the correct amount of money, then he counted aloud the transaction money. Sutton asked the appellant if the product was good or if it had been "cut" to determine if additives had been added to the drugs. Following the transaction, the officers and Sutton returned to the Agricultural Center.

Agent William H. Stanton, Jr., of the Tennessee Bureau of Investigation (TBI) crime laboratory testified that he tested the substance obtained and determined that it was 5.72 grams of cocaine base. Agent Stanton said that cocaine is a Schedule II controlled substance.

The State rested its case-in-chief. The sole defense witness, Amber Kaset, testified that she was a private investigator who had been hired by defense counsel. On September 5, 2011, Kaset and defense counsel went to the jail to speak with Sutton. During the conversation, Sutton said that he did not know the appellant and that the appellant had not bought drugs from him. Sutton said that police performed a "half-assed" search of him prior to the transaction. Sutton also said that Deputy Fann did not know the appellant.

On cross-examination, Kaset conceded that Sutton was angry and afraid because his identity as a confidential informant had been revealed.

The jury convicted the appellant of delivering .5 grams or more of cocaine, and the trial court sentenced the appellant as a career offender to thirty years.

Thereafter, the appellant filed a motion for new trial. In the motion, the appellant alleged that when defense counsel and Kaset interviewed Sutton at the Williamson County Jail, the guards would not allow them to bring in an audio recording device to record the interview. The appellant argued that the refusal to allow defense counsel to record the interview prevented him "from presenting substantive proof of his innocence under Tennessee Rule of Evidence 803(26)."

At the hearing on the motion, the trial court noted, and defense counsel conceded, that the issue of recording the interview with Sutton was not raised prior to the motion for new trial. Defense counsel reiterated that he and Kaset were prohibited from bringing a recorder into the jail because it was against jail policy. Defense counsel also submitted an affidavit from Kaset that supported counsel's claim. Defense counsel conceded that everything Sutton said at the jail was introduced at trial as impeachment evidence. However, he complained that because the statement was not written or recorded, he was unable to use it as substantive evidence at trial. The trial court found that the appellant suffered no prejudice to his defense because Sutton's inconsistent statements were introduced at trial. The court noted that despite knowing that Sutton had lied to defense counsel, the jury nevertheless chose to accredit his trial testimony.

-4-

On appeal, the appellant contends that defense counsel's inability to record his interview with Sutton denied the appellant the opportunity to introduce Sutton's prior inconsistent statements at trial as substantive evidence. However, the appellant did not raise the issue at trial and undisputedly raised the claim for the first time in the motion for new trial. This court is not required to grant relief to a party who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error. Tenn. R. App. P. 36(a). We conclude that the appellant has waived the issue.

Due to the appellant's waiver of the issue, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE